IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JERMAINE CARTER, | § | |
| | § | |
| Defendant Below, | § | No. 418, 2020 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 0810013184 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: February 8, 2021
Decided: February 22, 2021

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN** Justices.

## **ORDER**

After careful consideration of the notice to show cause and the response to the notice to show cause, it appears to the Court that:

(1)     On December 3, 2020, the appellant, Jermaine Carter, filed a notice of appeal from a Superior Court order, dated and docketed on November 2, 2020, denying his successive motion for postconviction relief.  Under Supreme Court Rule 6(a)(iv), a timely notice of appeal should have been filed on or before December 2, 2020.  The Senior Court Clerk issued a notice directing Carter to show cause why this appeal should not be dismissed as untimely filed under Supreme Court Rule 6. In his response to the notice to show cause, Carter argues that his appeal should not be dismissed because COVID-19 has prevented prison law library staff from coming

to work and sending him forms and the Court granted his motion to proceed *in forma pauperis*.

(2) Time is a jurisdictional requirement.[1] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[2] An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[3] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[4]

(3) The record does not reflect that Carter's failure to file a timely notice of appeal is attributable to court-related personnel. A claim that prison personnel were ineffective in assisting an inmate with an appeal does not excuse failure to file a timely appeal.[5] Prison personnel are not court-related personnel.[6] Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal.

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[2] Supr. Ct. R. 10(a).
[3] *Smith v. State*, 47 A.3d 481, 486-87 (Del. 2012).
[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[5] *See, e.g., Miller v. State*, 2017 WL 568362, at *1 (Del. Feb. 9, 2017) (dismissing untimely appeal where inmate claimed his appeal was late because the prison law library never responded to his inquiry regarding how much time he had to appeal); *Christmas v. State*, 2013 WL 1397131, at *1 (Del. Apr. 2013) (dismissing untimely appeal where inmate stated that he was unable to go to prison law library and obtain the necessary forms until after the appeal deadline passed).
[6] *Jones v. State*, 2014 WL 1512805, at *1 (Del. Apr. 15, 2014).

(4)    As to Carter's motion to proceed *in forma pauperis*, that motion was improvidently granted.  The Court previously concluded that Carter's untimely, repetitive, and frivolous filings constituted an abuse of judicial process and enjoined Carter from filing appeals in this Court without first seeking leaving of the Court.[7] This appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[7] *Carter v. State*, 2020 WL 1652560, at *1 (Del. Apr. 2, 2020).